UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**Tomas VERA-Sanchez,**<br><br>Defendant | Magistrate Docket No. **08 MJ 1272**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

The undersigned complainant, being duly sworn, states:

On or about **April 23, 2008** within the Southern District of California, defendant, **Tomas VERA-Sanchez,** an alien, who previously had been excluded, deported and removed from the United States to **Mexico,** was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
James Trombley
Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **24th** DAY OF **APRIL, 2008**

Jan M. Adler
UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
**Tomas VERA-Sanchez**

## PROBABLE CAUSE STATEMENT

On April 23, 2008, Border Patrol Agent M. Rasmussen was conducting line watch operations near Jamul, California. At approximately 10:00 a.m., Agent Rasmussen responded to a seismic sensor activation in the vicinity of Thousand Trails. This area is approximately six miles north of the United States/Mexico International Border and approximately five miles east of the Otay Mesa, California Port of Entry.

Agent Rasmussen observed five individuals walking northbound on a trail in the area of the intrusion device. As Agent Rasmussen approached the five individuals they tried to run. With the assistance of Border Patrol air support, the group stopped running. Agent Rasmussen approached the group and identified herself as a United States Border Patrol. Agent Rasmussen then questioned all five individuals as to their immigration status. All five, including one individual later identified as the defendant **Tomas VERA-Sanchez**, admitted to being citizens and nationals of Mexico without any immigration documents that would allow him to be in or remain in the United States legally. All five were placed under arrest and transported to the Brown Field Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico** on **October 19, 2005** through **Nogales, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was advised of his Miranda rights. The defendant stated that he understood his rights and was willing to answer questions without an attorney present. The defendant admitted that he is a citizen and national of Mexico illegally present in the United States. The defendant further admitted that he had been previously deported from the United States and has not applied or requested permission to re-enter the United States legally. The defendant stated that he was going to San Jose, California.